

FILED

AUG 28 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 15-26710-E-13
)
ROBERTO LARA RAMIREZ, ) Ex Parte Motion: No Hearing
)
Debtor. )
_____ )

**MEMORANDUM OPINION AND DECISION
DENYING MOTION TO EXTEND AUTOMATIC STAY
11 U.S.C. § 362(c)(3)(B).**

Roberto Lara Ramirez, the Debtor, commenced this bankruptcy case on August 25, 2015. Debtor has filed this case in *propria persona*. This is not Debtor's first recent bankruptcy case. The court summarizes these cases below:

| Chapter 13 Case 14-31766 Attorney: *In Pro Se* | Filed: December 2, 2014 Dismissed: June 29, 2015 | |
|---|---|---|
| | Dismissal: The court dismissed the case due to (1) Debtor being in default in plan payment and (2) Debtor failing to file an amended plan and motion to confirm after denial of confirmation of the prior proposed plan. 14-31766; Civil Minutes, Dckt. 42. Denial of Confirmation: The court denied confirmation of the prior proposed plan for grounds including: (1) Debtor's failure to attend First Meeting of Creditors, (2) failure to complete the basic Chapter 13 documents, (3) the prior proposed Chapter 13 Plan not being completed, (4) failure to disclose the multiple prior bankruptcy cases filed by Debtor, and (5) failure to provide divided for general unsecured claims which met the Chapter 7 liquidation requirement. *Id.*; Civil Minutes, Dckt. 32. | |

| Chapter 7 Case 14-25966 Attorney: *In Pro Se* | Filed: June 4, 2014<br><br>Discharge: October 24, 2014<br><br>Case Closed: October 31, 2014 | |
|---|---|---|
| | Order Granting Relief From Stay: Nationstar Mortgage, LLC granted relief from automatic stay to exercise rights to foreclose on real property commonly known as 2440 Beaufort Drive, Fairfield, California. 14-25966; Order, Dckt. 29. | |
| Chapter 7 Case 14-23403 Attorney: *In Pro Se* | Filed: April 2, 2014<br><br>Dismissed: May 1, 2014 | |
| | Dismissal: The bankruptcy case was dismissed due to Debtor's failure to file the basic Chapter 7 documents necessary to prosecute the case. 14-23403; Order, Dckt. 27.<br><br>Denial of Motion to Vacate Dismissal: The court denied a request to vacate the dismissal. *Id.*; Order, Dckt. 31. | |
| Chapter 13 Case 11-48165 Attorney: Peter G. Macaluso | Filed: December 2, 2011<br><br>Dismissed: July 9, 2013 | |
| | Dismissal: The bankruptcy case was dismissed after eighteen months due to Debtor's failure to cure defaults in the plan payments or file a modified plan and motion to confirm to address the defaults. 11-48165; Order, Dckt. 41. The Notice stated the default to be $4,440.00, with the monthly plan payments being $1,480.00. *Id.*; Notice, Dckt. 38. | |

## REVIEW OF MOTION TO EXTEND AUTOMATIC STAY

On August 26, 2015, Debtor filed an ex parte Motion to Extend the Automatic Stay. Dckt. 9. The grounds stated in the Motion are:

A. "In order to stop the foreclosure of our real property, I filed the current case."

B. "I am working with creditor to file a feasible Chapter 13 plan."

C. "In order to successfully re-organize, I request that the stay be extended, with respect to creditors, Nationstar Mortgage and their representatives for the duration of the case."

*Id.* No declaration or other evidence in support of the Motion have been filed. The court construes

the grounds stated in the Motion as facts to which Debtor would testify to under penalty of perjury in this case.

Congress has provided in 11 U.S.C. § 362(c)(3)(A) that the automatic stay in the current case within thirty-days of filing, unless extended by the court, because this case was filed within thirty-days of a prior bankruptcy case which was pending and dismissed within the prior year. To obtain an extension of the stay, Debtor must rebut the presumption that the current case has been filed in bad faith. 11 U.S.C. § 362(c)(3)(B). The presumption must be rebutted by "clear and convincing evidence," as compared to the usual preponderance of the evidence standard in civil cases. 11 U.S.C. § 362(c)(3)(C).

In determining whether the presumption of bad faith has been rebutted courts consider the totality of the circumstances and specifically focus on the following two areas of inquiry: (I) why the previous plan failed and (ii) circumstances that have changed such that the proposed plan is likely to succeed. 3 Collier on Bankruptcy ¶ 362.06 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.). Courts consider the following nonexhaustive list of factors when determining good faith under § 362(c)(3), § 362(c)(4), and § 1325(c)(3):

1. Timing of the petition;
2. Whether the debtor truly intends to effectuate a financial rehabilitation;
3. Whether the debtor made "eve of bankruptcy" purchases;
4. The accuracy of the information provided by the debtor;
5. Types of debts sought to be discharged and the circumstances in which they arose;
6. Whether the plan is preferential as to certain creditors;
7. Debtor's treatment of creditors both before and after the petition was filed;
8. Whether debtor seeks to unfairly manipulate provisions of the Code;
9. Debtor's conduct in the prior cases;
10. Frequency with which debtor has sought bankruptcy relief;
11. Reasons for the dismissal of the debtor's prior cases;
12. Debtor's earning capacity and likelihood that the debtor will have a steady income throughout the case;

1   13. Likelihood that the debtor will be able to properly fund a plan; and

2   14. Whether the Trustee or creditors object to the debtor's motion.

*In re Ferguson*, 376 B.R. 109, 123 (Bankr. E.D. Pa. 2007).

In the current case, while the Debtor has filed a bankruptcy petition, he has not filed Schedules or the other basic documents necessary to prosecute a Chapter 13 case. This has precluded the court from considering whether the Debtor's finances provide grounds for the court to conclude that clear and convincing evidence exists to rebut the presumption of bad faith. In the preceding case, 14-31766, Debtor filed Schedules I and J under penalty of perjury on December 16, 2014. On that Schedule I Debtors stated that he had gross income of $3,056.00 a month, with no taxes withheld. 14-31766; Dckt. 11 at 14. Though stating he was married, Debtor lists the spouse's income as "N/A," not disclosing an actual amount, even if it was $0.00. On Schedule J Debtor lists having monthly expenses of ($2,905.00), leaving only $151.00 on Monthly Net Income. *Id.* at 15. The expenses do not include any for income or self-employment taxes.

The Chapter 13 Plan filed in the prior case states that the pre-petition arrearage on the Nationstar Mortgage secured claim was $31,565. *Id.*; Plan Class 1 Claim, Dckt. 13. The court also notes that in case 14-31766 Debtor did not file any responsive pleadings to those filed by the Trustee or any affirmative pleadings beyond the Schedules, Statement of Financial Affairs, and the Chapter 13 Plan which was denied confirmation. The same is true in Chapter 7 case 14-25966.

In reviewing the 2011 Chapter 13 case which was filed and prosecuted with assistance of counsel, these bankruptcy filings have been driven by Debtor's desire to address what is identified as the then existing, and then post-petition defaults on the Nationstar Mortgage secured claim. Debtor has attempted, and has not been able, to address the growing arrearage (the motion to modify the plan and declaration therein discuss the pre-petition and then post-petition defaults in case 11-48165).

Debtor has not rebutted the presumption of bad faith arising under 11 U.S.C. § 362(c)(3)(A), (C). Debtor's only statement is that he seeks to obtain the automatic stay to stop the foreclosure to try and negotiate a Chapter 13 Plan with Nationstar Mortgage. From the Motion, the files in this case, and the multiple prior bankruptcy cases, the court concludes that Debtor is not seeking to

prosecute a Chapter 13 Plan, but to seek a loan modification.

Therefore, the Motion is denied.

Dated: August 28, 2015

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court
5

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the Order via the BNC or, if checked __X__, via the U.S. mail.

**Debtor(s)**, **Attorney for the Debtor(s)**, **Bankruptcy Trustee** (if appointed in the case), **and** __XX__ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814